1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARLON ROBERSON,                        Case No.   2:22-cv-01557-JDP (HC)

12                    Petitioner,            ORDER GRANTING APPLICATION TO
                                             PROCEED *IN FORMA PAUPERIS* AND
13        v.                                 FINDING THAT THE PETITION DOES NOT
                                             STATE A COGNIZABLE SECTION 2254
14   PEOPLE OF THE STATE OF                  CLAIM AND GRANTING LEAVE TO
     CALIFORNIA & S. PEERY,                  AMEND WITHIN THIRTY DAYS
15
                     Respondents.            ECF Nos. 1 & 6
16

17

18        Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus

19   under 28 U.S.C. § 2254.  After reviewing the petition, I find that it fails to state a viable federal

20   claim.  I will give petitioner a chance to amend before recommending that this action be

21   dismissed.  I will also grant his application to proceed *in forma pauperis*, ECF No. 6.

22        The petition is before me for preliminary review under Rule 4 of the Rules Governing

23   Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

24   the habeas petition and order a response to the petition unless it "plainly appears" that the

25   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

26   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

27        Petitioner alleges that the state sentencing court wrongfully ordered that "a prior sentence

28   be imposed consecutively to a second of subsequent sentence."  ECF No. 1 at 1.  He contends that

                                             1

this sentencing structure violates the Double Jeopardy clause.  There is, however, no constitutional prohibition on consecutive sentences.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).  And the Supreme Court has held that "administering multiple sentences has long been considered the prerogative of state legislatures."  *Oregon v. Ice*, 555 U.S. 160, 168 (2009).  Ultimately, where multiple sentences are jointly imposed, the Double Jeopardy protection guarantees only that "the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  Here, according to petitioner, the state courts considered and rejected his claims.  This may suggest that they considered the intent of the state legislature as to the offenses he was convicted of; I am bound by the state courts' determinations.  *See Downs v. Vare*, 443 F. App'x 312, 313 (9th Cir. 2011) ("[W]e are bound by the Nevada Supreme Court's determination that state law permitted conviction for both grand larceny and robbery within the context of a single trial . . . .").

I will give petitioner an opportunity to amend and explain why this action should proceed before recommending dismissal.

It is ORDERED that:

1.      Petitioner's application to proceed in forma pauperis, ECF No. 6, is GRANTED.

2.      Petitioner may file an amended § 2254 petition within thirty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3.      The Clerk of Court is directed to send petitioner a federal habeas form with this order.

IT IS SO ORDERED.

Dated:    December 16, 2022                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2