1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARLON ROBERSON, | Case No.  2:22-cv-01557-JDP (HC) |
|---|---|
| Petitioner, | ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA & S. PEERY, | FINDINGS AND RECOMMENDATIONS THAT THE FIRST AMENDED PETITION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| Respondents. | |
| | ECF No. 8 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  I reviewed the initial petition, ECF No. 1, and found that it did not state a claim.  ECF No. 7.  I gave petitioner leave to amend, and he has done so.  ECF No. 8.  The amended petition, like its predecessor, also fails to state a claim.  Accordingly, I recommend that it be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner alleges that, in 2016, he was sentenced to six years in prison for an unspecified crime. ECF No. 8 at 4. Then, in 2018, he was convicted of a different crime and, during sentencing, the court added one year and four months to the 2016 sentence. *Id.* Petitioner claims that this addition was a violation of the Fifth Amendment's Double Jeopardy Clause. *Id.* The Supreme Court has deemed double jeopardy protection inapplicable to sentencing proceedings. See *Monge v. Cal.*, 524 U.S. 721, 728 (1998) (noting that "[h]istorically, we have found double jeopardy protections inapplicable to sentencing proceedings . . . ."). It has also held that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Thus, the petition fails to state a cognizable federal claim.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 8, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2